FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2021 AUG 12 PM 12: 05

**IN THE UNITED STATES DISTRICT COURT**

JEFFREY P. COLWELL
CLERK

**FOR THE DISTRICT OF COLORADO**

BY_____DEP. CLK

| | |
|---|---|
| Eyoel-Dawit: Matios, et al.<br><br>In Sui juris Capacity, Petitioner<br><br>vs.<br><br>CITY OF LOVELAND, et al.<br><br>In care of Stephen C. Adams, City Manager<br><br><br><br>**RESPONDENTS** | Civil Action No. 21 · cv· 2194<br><br><br>▲COURT USE ONLY▲<br><br><br>IN RE:<br>Final Arbitration Award # A-9621DA-CA-001<br><br><br>Contract name:<br><br>Notice of Verified Claim for Relief and Money Demand<br><br>**Contract # EDM-08211975-E10673-LVLD**<br><br>9 U.S. CODE § 1-16<br><br>THE COMMON LAW |
| Mail to:<br>Eyoel-Dawit: Matios<br>c/o 1312 Castlerock Drive<br>Fort Collins, Colorado republic near [80521]<br>Phone (970) 402-7027<br>e-mail: edmforshort0551@yahoo.com | |
| Mail to:<br>Stephen C. Adams, City Manager<br>500 E. 3rd Street, Suite 330<br>Loveland, CO 80537<br>Phone: 970-962-2543<br>e-mail: Steve.Adams@cityofloveland.org | |

**PETITION TO CONFIRM FINAL ARBITRATION AWARD**

## PETITION TO CONFIRM FINAL ARBITRATION AWARD

TO THE HONORABLE UNITED STATES DISTRICT
JUDGE OF SAID COURT:

Eyoel-Dawit: Matios (hereafter "Petitioner"), petitions the Court for an order under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9, 13, confirming the arbitration award issued by Brett Eeon Jones on March 1, 2021 (hereafter the "Award,")(Exhibit F), in Sitcomm Arbitration Association (SAA) Case No. A-9621DA-CA-001 concerning the "Notice of Verified Claim for Relief and Money Demand", Claim # EDM-08211975-E10673-LVLD (hereafter "Contract") (Exhibit A) between CITY OF LOVELAND (hereafter "Respondents") and Eyoel-Dawit: Matios (Petitioner) and for entry of judgment consistent with the Arbitration Award.

## JURISDICTIONAL AND VENUE

The United States District Court for The District of Colorado shall have Subject Matter Jurisdiction, SMJ; as acknowledged by 9 U.S. Code § 9, a petition to confirm an arbitration award may be brought in "the United States court in and for the district within which such award was made," **unless another court was specified** in the parties' agreement.  Here, the parties specified in their agreement that any arbitration hearing would be held electronically in the district of the arbitrator, and that judgment may be enforced in any court of competent jurisdiction.

The amount in the award **exceeds** the sum of $75,000, exclusive of interest, costs, fees and assessments, which would permit this matter to be confirmed on the federal level.

The venue is proper in this court because the parties' arbitration agreement specifies that an award may be enforced in any court of competent jurisdiction for damages against the City of Loveland under contract that **exceeds** $10,000., and to have the matter determined under common-law and equity.

## PARTIES

Eyoel-Dawit: Matios (Petitioner), is a Citizen of the Colorado Republic, a republic comprised of the people; hence Petitioner is one of the people, which the Constitution for the Republic and Union of States reserves all Powers and Authority to Claim Inalienable Rights and Property.  Petitioner is currently located and domiciled at: 1312 Castlerock drive in county of Larimer, city of Fort Collins, Colorado republic [80521].

The CITY OF LOVELAND and it's agent(s) (Respondents) is a Municipal Corporation located at 500 E. 3rd Street, Suite 330, county of Larimer, City of Loveland, Colorado 80537.  The name(s) below are agent(s) for the respondent:

i.   Stephen C. Adams, City of Loveland City Manager

ii.   Moses Garcia, City Attorney

iii.   Emilie Loomis, City of Loveland Ass. City Attorney

iv.   Dylan Copello, City of Loveland Police Officer

v.   Geri R. Joneson, City of Loveland Municipal Court Judge

vi.   Patty Parker, City of Loveland Municipal Court Administrator

## DISCUSSION OF ARBITRATION AWARD

The basis and legal grounds for petitioner's claim for arbitration is founded upon the common-law private property claims of compensation for civil rights violations when public officials, bound by oath, deprive him of his constitutional or inalienable rights as provided for by Article II, section 15 of the Colorado Constitution, which acknowledges the right of people to compensation when private property is taken for public use and provides for remedies "in an action at law, suit in equity, or other proper proceeding for redress."  The deprivation of his private rights and personal interests, as in this case his right of lawful access and use of the public right-of-way subjects public officials to statutory liability as provided by C.R.S. 13-21-131 and C.R.S. 24-31-113.

C.R.S. 24-31-113 states: "It is unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by peace officers or by officials or employees of any

governmental authority, that deprives persons of rights, privileges, or immunities secured or protected by the constitution or laws of the United States or the State of Colorado.

C.R.S. 13-21-131 (1) states: "A peace officer, as defined in section 24-31-901(3), employed by a local government who, under color of law, subjects or causes to be subjected, including failing to intervene, any other person to the deprivation of any individual rights that create binding obligations on government actors, secured by the Bill of Rights, Article II of the state constitution, is liable to the injured party for legal or equitable relief or any other appropriate relief.

In this case, petitioner was deprived of his constitutional right of access and use of the public right-of-way by a City of Loveland police officer.  When petitioner sought remedy in the Loveland municipal court for the abuse of authority he was subjected to from his encounter with a Loveland police officer, the judge and city attorney joined in conspiracy to deprive petitioner of his constitutional and inalienable right of access and use of the public right-or-way.

Petitioner submitted his private civil rights claim to the respondents in the form of a common-law property claim in which the respondents were to provide rebuttal and/or refutation each issue raised in the claim, point for point.  Further, the respondents were informed that a non-response is agreement, partial response without rebuttal/refutation is agreement, any points left unrebutted are points in agreement and would constitute a "contract" between the petitioner and the respondents. The "contract" in article 5.1 page 34, article 5.3 page 35 and article 6.2 page 36 contained arbitration clause within it, which specifically states that: "**Any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability <u>shall</u> be settled by arbitration, and the arbitrator may hear and decide the controversy upon evidence produced** although a party who was duly notified of the arbitration proceeding did not appear...".

Respondents were presented with petitioner's claim of relief and money demand and offered a settlement agreement or an arbitration by default.  The respondents acknowledged receipt of the offer and stated that they would not agree to settlement nor participate in the arbitration proceedings.  The respondents chose not to settle petitioner's claims, therefore, they agreed to arbitration.  <u>The petitioner's request for arbitration came only after he had made good faith attempts to get the respondents to uphold their oath and to comply with the agreement.</u>

The parties agreed and selected an arbitrator in accordance with the "contract" article 6.2 pages 36-37.  <u>Petitioner selected to exercise his right to remedy under the Federal Arbitration Act and the dispute was submitted to arbitration.</u>

**The Arbitration Agreement provided the arbitrator authority to <u>determine the law and facts</u> as undisputed, which the arbitrator stated within the award to be determined as a matter of fact as provided by F.R.C.P. Rule 56.**  The arbitrator was presented with numerous citations of legal precedence and offered numerous legal citations of his own within the arbitration award <u>confirming the legal grounds for the arbitration award.</u>  Also, contained within the claim for relief petitioner included an affidavit of fact sworn under penalty of perjury, which was not disputed by respondents. <u>Therefore, the arbitrator is permitted to accept all undisputed facts as being established as true.</u>

In the Arbitration Award, the arbitrator acknowledges the fact that **respondents knowingly chose to waive their right to participate in the proceedings, and conducted the arbitration hearing as a summary judgment.**  Further, the arbitrator acknowledged that, though respondents denied there was a contract to arbitrate, the <u>arbitrator determined there was a contractual relationship between petitioner and respondents.</u>  The arbitrator, finding that the respondents had breached the contract, had violated their oath of office and had not complied to fulfill their promise, awarded the petitioner the Final Arbitration Award.

The calculation of compensation and damages is based upon the amount that is

acknowledged by the United States Congress as compensation for deprivation of rights, which is confirmed by Private Law 114-31 (2016) wherein Congress confirmed award in excess of 37.5 billion dollars in total compensation to individuals and their families for deprivation of their constitutional rights, which value was established by a jury award in Trezevant v. CITY OF TAMPA, 741 F.2d 336 (11th Cir.1984) wherein the United States Court of Appeals affirmed the district court jury award of 25,000 dollars in compensation to James C. Trezevant for 23 minutes of unlawful imprisonment.  Petitioner's common-law Claim of Private Rights and Status filed with the Larimer County Clerk and Recorder Office specifically provided for compensation equal to Trezevant v. CITY OF TAMPA, which was then applied by the arbitrator in determining the total amount of compensation and damages in the arbitration award.  Respondents had actual notice of the common-law private property claim for compensation, which was not contested. The Arbitration Agreement also granted the arbitrator unlimited authority to award additional punitive damages if the arbitrator determined that respondents intentionally or knowingly acted to deprive petitioner of his constitutional or inalienable rights, which the arbitrator stated in the affirmative within the Arbitration Award.

Petitioner's claims for compensation are grounded upon Article II, section 15, of the Colorado Constitution, which provides for compensation whenever, under color of law, government takes private property for public use.  Petitioner asserts that deprivation of civil rights constitutes a 'Taking' under the Fifth Amendment, which was not contested by the respondents, and such determination of deprivation or 'Taking' was implicitly affirmed by the arbitrator in his award of compensation.  **The respondents did not contest amount or the legal grounds for the arbitration award**.

Petitioner formed a private contract with all government entities and adopted by reference the oaths of office of public officials to uphold the constitution and laws of the state under the doctrine of **promissory estoppel**.  Within his private claim of rights and status, petitioner accepted the signed oaths of office of public officials as a guarantee

that government entities would either uphold their oaths, or be liable for compensation whenever they breach their duty to uphold the law and violate petitioner's civil rights.

By their acceptance of office and receipt of consideration, public officials have made the binding promise to act in accordance with the constitution, which petitioner reasonably relied upon to his detriment. As direct and proximate consequence of the breach of duty and promise, the respondents violated petitioner's constitutional and inalienable rights, therefore petitioner is entitled to just compensation as provided for by Article II, section 15 of the Colorado Constitution and provided for by U.S.C. Title 42 section 1983 and as provided for by common-law contract within his private property claim of rights, and as provided for under doctrine of promissory estoppel, for which compensation was awarded by the arbitrator.

## FACTUAL BACKGROUND

On April 20, 2020, the Petitioner presented a contract titled **"Notice of Verified Claim for Relief and Money Demand", contract # EDM-08211975-E10673-LVLD** with a "Memorandum of Law" in Support of the Contract (sent certified mail) for the complete resolution of the Respondent(s) mis-conviction, unlawful imprisonment and other conflicts respecting their **previous relationship**. The respondents received the contract on April 21, 2020 and were given twenty-one (21) day to properly respond, after having received the contract, whereby such nonresponse would equate to **tacit acquiescence.** Furthermore, if the respondents were to respond within such time and request for more time to respond, the petitioner allowed ten (10) more days if so requested in writing. However, the respondents failed to do so in a timely manner and on May 21, 2020, the petitioner and the respondents entered into a **written, self-executing, binding, irrevocable, contractual agreement**.

On May 23, 2020 the petitioner sent to the respondents a "Notice of Fault Opportunity to Cure" to provide proof that they did not receive the original notification within 72 hours. The respondent was not able to cure fault and on June 20, 2020, the

petitioner sent to the respondents a "Final Legal Notification Notice of Default".

The petitioner contended that after agreeing to the terms of the contract, that the respondents have failed to fully perform to the terms of the agreement and that the petitioner is entitled to immediate and unconditional remedy as prescribed within the terms of the contract.

**The written contract/agreement provided for arbitration of disputes at Article 5.1, page thirty-four (34), which stated in relevant part: "That the arbitration process is binding on all parties and is the sole and exclusive remedy for redressing any issue associated with this agreement"** and pursuant to Article 5.3, page thirty-five (35) "this Notice of Verified Claim for Relief and Money Demand agreement supersedes and predates as well as replaces any and all prior agreements between the parties, and **is binding on all parties and irrevocable**, and the parties agreed to the terms and conditions of this agreement upon default of the defaulting party as of the date of the default" ... and pursuant to Article 6.2, page thirty-six (36) **"Any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be settled by arbitration, and the arbitrator may hear and decide the controversy upon evidence produced** although a party who was duly notified of the arbitration proceeding did not appear; that the petitioner deems necessary to enforce the "Good Faith" of ALL parties hereto within without respect to venue, jurisdiction, law, and forum the petitioner deems appropriate. Further, the agreement stipulates that the arbitrator may adjust the amount of the award, and include fees, adjustments, costs, and other expenses.

After searching for 2-3 month on the internet and sending numerous e-mails to find a qualified arbitrator that would conduct an electronic hearing due to COVID-19 restriction, on the 27th, of December 2020 a request for dispute resolution was filed by the petitioner to the Sitcomm Arbitration Association (SAA) to conduct an electronic hearing.

on January 3, 2021, the petitioner and the respondents received a "Notice of Arbitration Hearing" set for Wednesday, January 20, 2021 at 12:00pm Central. In addition, the petitioner also sent the same copies (certified mail) to the respondents on January 6, 2021 (Exhibit E). The Notice clearly stated that the respondents have ten (10) days from the receipt of this notice to forward a response to the arbitrator and that <u>if response was not received, the arbitrator will presume your acceptance and may proceed to **review the supporting documentation electronically and issue a binding decision.**</u> After having acknowledgement of the NOTICE, the respondents failed to respond and choose to exercise their right to remain silent.

On Wednesday, January 20, 2021 at 12:00pm Central, Arbitration Hearing was held on in Orange County, California by an Independent Arbitrator. On March 1, 2021, a Final, Binding, and Enforceable arbitration decision was entered by Arbitrator in favor of the petitioner and a Final Arbitration Award # A-9621DA-CA-001 was awarded and notification of the award was sent out to both parties. A copy of an authenticated original of the Final Award is attached with this petition as Exhibit F. Furthermore the petitioner also sent by certified mail a 2nd notification of the Final Arbitration award with the copy of the award to the respondents on March 26, 2021 in which they received March 29, 2021 (Exhibit G).

<u>**CLAIM FOR RELIEF**</u>

<u>(Confirmation of the Award Monetary Relief)</u>

The Final Award is governed by the Federal Arbitration Act and satisfies the requirements of 9 U.S.C. § 1, 2 because in the agreement's arbitration clause, the agreement evidences a transaction involving or affecting "commerce", within the meaning of article 9 U.S.C. subsection 1; and due to the fact that the agreement is a binding irrevocable contract, that effects "commerce", the arbitration provisions contained within it is "Valid, Irrevocable and enforceable within the meaning of 9 U.S.C. subsection 2.

Section 9 of the FAA provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."

Section 12 of the FAA provides, the Respondents with three months after the award is filed or delivered to file a motion to vacate, or modify the award.  The award was delivered to the respondent on March 1, 2021 and again by certified mail on March 26, 2021 in which they received March 29, 2021 (Exhibit G).  To date there is no filing of any motion pursuant to 9 U.S.C. § 12.

The arbitrator issued the Arbitration Award on March 1, 2021.  The Petitioner filed this Petition within one year of that date.

There are no grounds for vacating, modifying, or correcting the Arbitration Award, see 9 U.S.C. §§ 10, 11 and none have been raised by the Respondents.

**THEREFORE,** the Final Award should be confirmed pursuant to 9 U.S.C § 9, 13 and judgment in the United States should be entered for the monetary relief awarded by the arbitrator.

**PRAYER AND REQUEST  FOR RELIEF**

**WHEREFORE,** Petitioner respectfully request the Court enter an order:

a) Confirming the Final Arbitration Award made by Brett Eeon Jones on March 1, 2021 , as authorized by § 9 of the FAA;

b) Awarding the Petitioner the monetary relief granted in the award (Order for relief...) page 16 in the amount of $300 million collectively in currency of the United States as required by law;

c) Awarding the Petitioner both post-award/prejudgment interest and post-

judgment interest;

d) Awarding the Petitioner his fees and costs in this proceeding;

e) Awarding the Petitioner such further relief as the Court deems just and

proper;

f) And finally, in the event that the Respondents **do not voluntarily comply**
with the Judgement Order of the court, Petitioner requests this court imposes

punitive damages at a rate of 3 times the amount of actual damages, in

addition to other remedies awarded, pursuant to Pacific Mut Life Ins. Co. v.

Haslip, 499 US 1(1991). Also see UNITED STATES OF AMERICA v.

DEMERIUS JERMAINE HAWKINS No. 2:06-cr-00012-IJWC-04, Arbitration

Awarded (Sep 4, 2014)

*Further Affiant sayeth not*

Respectfully Submitted this __12__ day of __August__, 2021.

All Rights Reserved without Prejudice, UCC 1-308

By: _____,

Eyoel-Dawit: Matios, in sui juris Capacity, Petitioner

## JURAT CERTIFICATE

(Larimer County Colorado in)
(the Colorado Republic within) ss.
(the United States Republic)

I, Eyoel-Dawit: Matios, a living, breathing, full liability man, having firsthand knowledge of the facts contained herein; affirm that everything contained in this "Petition to Confirm Final Arbitration Award" are true accurate and correct to the best of my knowledge, information and belief. Sworn under penalty of perjury under the laws of the United States of America, the Republic comprised of 50 Independent States of the Union.

All Rights Reserved without Prejudice, UCC 1-308

By: _____,
Eyoel-Dawit: Matios, in sui juris Capacity, Petitioner

c/o 1312 Castlerock Drive
Fort Collins, Colorado republic near [80521]
Phone (970) 402-7027
e-mail: edmforshort0551@yahoo.com

SUBSCRIBED and SWORN to before me this 12 day of August, 2021. Witness my hand and official seal.

By: _____ Seal:
         Notary Public

My Commission Expires: May 31, 2025

AMY LINCOLN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20054021468
MY COMMISSION EXPIRES MAY 31, 2025