

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-02194-WJM-NRN

Eyoel-Dawit: Matios, in sui juris Capacity

                    Petitioner,

v.

City of Loveland, et al.,

in care of Stephen C. Adams, City Manager

                    Respondent.

---

## AMENDED OBJECTION TO RECOMMENDATION

---

### SUMMARY ARGUMENT

In summary, Petitioner hereby respectfully requests the U.S. District Court grant his Petition to Confirm, and deny the Magistrate's Recommendation because:

(1)    Title 9 U.S. Code §§ 1-16 does not allow a magistrate to review a petition for confirmation of arbitration award filed under Title 9 U.S. Code § 9.

(2)    The Magistrate's Recommendation to dismiss or vacate Petitioner's confirmation proceeding, and award Respondent's attorney fees is improper because Respondents **lack standing to request any relief** since they did not comply with 9 U.S. Code § 12.

(3)    Pursuant to Title 9 U.S. Code § 9, <u>the Court is required to confirm an arbitration award</u>, unless Respondents filed a motion to vacate within the required 90-day statute of limitations set by 9 U.S. Code § 12, **which Respondents did not**.

1

**AMENDED OBJECTION TO RECOMMENDATION**

## BACKGROUND

Petitioner's claims involve violations of his civil rights by Respondents, and his "Notice of Verified Claim of Rights and Status" filed in the Larimer County Recorder's office, recording # 20190078553, which includes his valuation for compensation for the deprivation of his civil rights comparatively equal in amount to that a jury awarded in Trezevant v. Tampa, 741 F.2d 336 (11th Cir. 1984). When Respondents violated his constitutional rights, Petitioner sent Respondents his 'Notice of Verified Claim for Relief and Money Demand', which included an arbitration clause. (Dkt. # 1-2, pg. 37-39)

Respondents admitted that on April 21, 2020 they received Petitioner's April 20, 2020 'Notice of Verified Claim for Relief and Money Demand'. (Dkt. # 15-1)

Respondents claim that on April 22, 2020 Respondents had allegedly replied to Petitioners Notice of Verified Claim for Relief and Money Demand and supporting brief comprising <u>89 pages</u> of legal citations and statements of fact and law by simply stating that they received Petitioner's documents and "<u>After completing our review, your claim is denied</u>". Notably, the author of the alleged letter is City of Loveland employee, Jason Smitherman, Risk Manager. Respondents have not provided any evidence that Jason Smitherman has any legal authority to respond to Petitioner's grievances and breach of contract dispute claims; nor would such response comply with civil procedure; <u>the duty of the City Attorney was to receive legal notice, and to represent the legal interests of the 'City of Loveland', to respond to such legal claims and/or grievances</u>. Therefore, Petitioner denies and objects to such response as being legally significant.

2

**AMENDED OBJECTION TO RECOMMENDATION**

On May 23, 2020 Petitioner sent to Respondents a "Notice of Fault Opportunity to Cure" (Dkt. 1-2, pgs. 59-63) which required Respondents to provide proof within 72 hours confirming or denying whether they received the original Notice of Verified Claim for Relief and Money Demand, which they did not substantively dispute.

On May 27, 2020 Respondents employee, Jason Smitherman sent Petitioner a letter stating only that: "<u>The City has received the document titled "*Notice of Fault and Opportunity to Cure*". The City rejects and denies the claim and will not be paying any sum of money</u>". (Dkt. 1-2, page 64)

On June 20, 2020, Petitioner sent Respondents "Final Legal Notification / Notice of Default", (Dkt. 1-2, pgs. 66-71), to which City of Loveland employee, Risk Manager, Jason Smitherman, who again, represented that Respondents had refused to consider his claims and he stated in a letter dated June 25, 2020: "<u>The City has received the document titled "Notice of Default". The City is not in default and has denied all claims. Finally, and most importantly, the City will not be paying any sum of money</u>."

Respondents continue to maintain that these conclusory denials of Petitioner's claims and their general refusals to pay are legally sufficient to establish that they have addressed all legal issues to refute Petitioner's claim that there is a legally enforceable agreement/contract, which was submitted for binding arbitration pursuant to Article VI, (Dkt. 1-2, pgs. 37-39) establishing proof there was an agreement to arbitrate within the Verified Claim for Relief and Money Demand, which Respondents accepted by default, and liable under contract law; yet, Respondents have refused to acknowledge.

3

**AMENDED OBJECTION TO RECOMMENDATION**

On December 27, 2020 Petitioner submitted to Sitcomm Arbitration Association (SAA) his "Request for Dispute Resolution" (Dkt. 1-2, pgs. 74-92). Brett Eeon Jones was appointed by SAA as an independent arbitrator in Petitioner's case. Initially, SAA recused itself and appointed another independent arbitrator, Rance Magee, who later withdrew, whereupon, SAA appointed Brett Eeon Jones as an independent arbitrator, who conducted the arbitration hearing **electronically** since Respondents and Petitioner live in Colorado and the arbitrator lived in California. (Dkt. # 1-2, pgs. 97-99)

On January 6, 2020 Petitioner sent Respondents via certified mail a copy of the January 3, 2020 Notice of Arbitration Hearing letter from Rance Magee attached to a cover letter. (Dkt. 1-2, pgs. 94-99) Respondents even admit they received a Notice of Arbitration Hearing, which stated that Respondents had 10 days to submit response to dispute Petitioner's claims, otherwise the arbitrator would review the evidence submitted and factual assertions and legal grounds in support of Petitioner's claims for relief, and issue summary disposition if there are no material facts in dispute, including whether a binding, valid enforceable contract exists, which includes an arbitration clause granting SAA authority to appoint an independent arbitrator. All matters undisputed were taken as agreement by default by the arbitrator, just as Respondents were notified.

On January 22, 2020, <u>which was two days after the arbitration review proceeding was conducted</u>, Respondents allegedly drafted a letter to Petitioner asserting that they <u>would not participate in arbitration</u>, and they consider Petitioner's claims as fraudulent solely **because he did not file them in court**. (Dkt. 1-2, page 100)  (Exhibit 'A')

4

**AMENDED OBJECTION TO RECOMMENDATION**

## ARGUMENT

<u>Respondents lack standing to motion to vacate the arbitration award</u>.

Respondents lack standing to challenge the Petition to Confirm Final Arbitration Award because Respondents did not timely file a motion to vacate within (90) days as required by 9 U.S. Code § 12 as Petitioner stated in his Petition to Confirm Arbitration Award, (Dkt. #1, pg. 10); Respondents lack of standing has not been addressed.

Respondents lack standing and waived the right to object to or vacate the Final Arbitration Award under 9 U.S. Code § 10 because they did not file within the 90-day statute of limitations provided by 9 U.S. Code § 12.  (Dkt. #15)

Respondent's attorney filed an objection to confirmation of the arbitration award, and alternative/combined motion to vacate the arbitration award, and motion to dismiss on September 3, 2021.  Respondent's received due notice of the arbitration award on March 29, 2021, which is **158** days before Respondent's filed a motion to vacate; thus, Respondent's waived the right to relief under 9 U.S.C. § 10, and lack standing.

Respondents attorney cites Chauffeurs, Teamsters, etc. v. Ruan Transport Corp. 473 F. Supp. 298, 303 (N.D. Ind. 1979) as authority for exception to the 90-day statute of limitations to file a motion to vacate pursuant to 9 U.S.C. § 12; however, <u>this case represents a minority legal opinion, which was over-turned countless times since</u>, as counsel must be presumed to be aware.  This intentional misrepresentation of case law authority falsely presented to the Court as grounds for relief constitutes fraud upon the Court and such misconduct should be sanctioned accordingly.

5

**AMENDED OBJECTION TO RECOMMENDATION**

The "failure to comply with the FAA & Uniform Arbitration Act's special statutory procedure for challenging an arbitration award on its merits or the power of arbiters to make an award <u>bars any objection to the award in a confirmation proceeding</u>," and the "failure to timely object or seek review to vacate . . . <u>bars a defense on the merits in a confirmation proceeding</u>." Kutch v. State Farm Mut. Auto. Ins. Co., 960 P.2d 93, 97, 99 (Colo. 1998); see also Sportsman's Quikstop I, Ltd. v. Didonato, 32 P.3d 633, 634-35 (Colo. App. 2001). The courts have uniformly held that the failure to move to vacate an arbitration award within the prescribed period <u>precludes seeking affirmative relief in a subsequent action to enforce the award</u>. Int'l Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox, 826 F.2d 962, 965-66 (10th Cir. 1987).

<u>There are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act</u>." Parsons, Brinkerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors, 647 F. Supp. 2d 587, 594 (D. Md. 2009) See Mitchell v. Franchise Servs. of N. Am., Inc., 2019 WL 6135058, at *4 (S.D. Miss. Nov. 19, 2019).

See Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598 (8th Cir. 1981) "<u>A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award and thereby deprives the Court of power to review the award</u>. Piccolo, 641 F.2d at 601. <u>Without timely motion establishing one of the statutory grounds for vacating an arbitration award,</u> "<u>neither a trial court nor a district court of appeal has the authority to overturn the award</u>." Schnurmacher Holding Inc. v. Noriega, 542 So. 2d 1327, 1328 (Fla. 1989)

6

**AMENDED OBJECTION TO RECOMMENDATION**

Respondents attorney asserts that there is exception to the statute of limitations set by Title 9 U.S. Code § 12.  However, no exception to this three month limitations period is mentioned in the statute.  Thus, under its terms, **a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm**.  Carpenters 46 N. Cal. Counties Conf. Bd. v. Meddles, 535 F. Supp. 775, 778 (N.D. Cal. 1981); see Chauffeurs Local 364 v. Ruan Transport Corp., 473 F. Supp. 298, 302 (N.D. Ind. 1979).

The Seventh Circuit, In Chauffeurs, Teamsters, etc. v. Jefferson Trucking Co., Inc., 628 F.2d 1023 (1980) held that, "after the statutory period for a motion to vacate has expired, **a party is barred from using the statutory grounds for vacating an award in defense of a motion to enforce an arbitration award**.  It is settled that where by statute a right of action is given which did not exist by the common law, and the statute giving the right sets the time period within which the right may be enforced, the time so fixed becomes a limitation on such right." Id. (citation omitted).

Further, there is no common law exception to the three month limitations period on the motion to vacate. See Chauffeurs Local 364 v. Ruan Transp. Corp., supra, 473 F. Supp. at 301. an action to enforce an arbitration award is a creature of statute and was unknown and does not exist in the common law.  As the Seventh Circuit noted in Chauffeurs Local 135 v. Jefferson Trucking Co., 628 F.2d 1023, 1027 (7th Cir. 1980). <u>Respondents attorney's conclusory argument for an exception to the 90-day statute of limitation provided by 9 U.S. Code § 12 lacks merit</u>.

7
**AMENDED OBJECTION TO RECOMMENDATION**

## ARGUMENT

Respondents are not entitled to award of attorney fees.

Respondents attorney cites Farmer v. Banco Popular of N. Am., 791 F.3d 1246, 1255 (10th Cir. 2015) in support of the Magistrate's argument that the court should award attorney fees using the inherent power of the court to punish Petitioner for bad faith conduct as is defined by the Magistrat, Respondents attorney recited the same reasons that were provided by the Magistrate in his "Recommendation" and order for award of attorney fees.  The alleged reasons of bad faith are defined and summarized as: (a) Petitioner filed his motion to confirm his arbitration award against the advise of the city attorney who stated: "Sitcomm Arbitration Association has been found to have filed fraudulent arbitration awards in several states." (b) Although there are numerous cases in regard to arbitration awards issued by Sitcomm and opinions issued by other courts that have been repeatedly quoted by other courts in dicta that Sitcomm awards were alleged to be fraudulent, Petitioner has not accepted these biased and hearsay opinions, nor accepted the legal advise Respondents offered and voluntarily dismissed his case; (c) Even after Respondents attorney cited these other cases, [that Petitioner did not find in his search] Petitioner still did not take the legal advise of Respondents attorney and to voluntarily dismissed his case; (d) Petitioner did not appear in court for the status conference scheduled for October 1, 2021 on Respondents attorney motion to dismiss; although Petitioner explained his reasons in court record Dkt. #34, because such hearings are prohibited by 28 U.S. Code § 636 (b)(1)(A).

8

**AMENDED OBJECTION TO RECOMMENDATION**

Respondent's claim of alleged 'fraud' is based upon the advice of City Attorney expressing her opinion that the documents that Petitioner was using were "fraudulent because they were not filed in any lawful court." See: (Dkt. #1-1, page 100). Loveland Deputy City Attorney, Alicia Calderon added only that: "Sitcomm Arbitration Association has been found to have filed fraudulent arbitration awards in several states."

The implied premise Respondents rely upon is that Petitioner's claim for relief lacks any factual or legal basis. In this case, Petitioner's arbitration award is evidence that the arbitrator found there was factual and legal basis for the arbitration award; yet, Respondents attorney and the Magistrate unreasonably refuse to accept the arbitration award as binding and enforceable under Title 9 U.S. Code §§ 1-16.

<u>The 'American Rule' recognizes these equitable legal principles</u>:
It bars a federal court from shifting fees as a matter of substantive policy, but its bad faith exception permits fee-shifting as a sanction to the extent necessary to protect the judicial process. <u>The Rule protects each person's right to go to federal court to define and to vindicate substantive rights</u>. "[S]ince litigation is, at best, uncertain, <u>one should not be penalized for merely defending or prosecuting a lawsuit</u>." Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U. S. 714, 386 U. S. 718 (1967). (citations omitted)

"When a federal court, through invocation of its inherent powers, sanctions a party for bad-faith **prelitigation conduct, it goes well beyond the exception to the American Rule, and violates the Rule's careful balance between open access to the federal court system and penalties for the willful abuse of it**." Id.

**AMENDED OBJECTION TO RECOMMENDATION**

Respondents attorney cites Farmer v. Banco Popular of N. Am., 791 F.3d 1246, 1255 (10th Cir. 2015) in support of Respondents' Motion for Attorney Fees (Dkt. #39); Respondents attorney has not proven that Petitioner has intentionally abused the legal process by his willful conduct; (b) done principally for ulterior purposes other than for the purposes claimed and as provided by procedural law; and that (c) Petitioner's alleged misuse of the legal process lacked a reasonable factual basis, or arguably cognizable basis in law, and that Respondents were injured thereby.

Respondents attorney asserts, in conclusory fashion, that Petitioner's 'bad faith' conduct, derived entirely from the conclusory, biased, and prejudicial assertion that all Sitcomm arbitration awards are fraudulent and Petitioner's refusal to accept the legal advise of Respondents that his arbitration award is fraudulent, so therefore he should voluntarily dismiss his case. <u>Respondent's claim of Petitioner's bad faith does not rely upon any conduct taken in the course of proceedings, which abused the legal process; instead, their complaint is about the legal process of the arbitration award itself</u>.

The United States Court of Appeals for the Tenth Circuit decision in Towerridge, Inc. v. T.A.O., Inc. had overruled the award of attorney fees by the District Court based upon allegations of wrongful conduct consisting of bad-faith acts that occurred prior to the involvement of the court; reasoning that any prelitigation conduct did not constitute an abuse of the judicial process that might permit an exception to the 'American Rule' and such fee-shifting is expressly barred by Congress and numerous citations of legal precedent. Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 766 (10th Cir. 1997)

## ARGUMENT

<u>Without grounds to vacate, the Court is required to confirm the award</u>.

"**Where plaintiff did not seek to modify, vacate, or correct arbitration award within three-month limitation period under 9 U.S.C. § 12, court was compelled to affirm award**". (See M.J. Woods, Inc. v. Conopco, Inc., 271 F.Supp. 2d 576 (S.D. N.Y. 2003)   See Polley v. Gardner, 98 So. 3d 648, 649 (Fla. 1st DCA 2012) holding that "**Because the motion to set aside the award was untimely and failed to meet the statutory criteria, "the entry of final judgment confirming the arbitration award was a ministerial task**").

The Supreme court has held throughout precedent, that "courts are required to confirm an arbitration award readily" See: Dean Witter, et al v. Byed, 470 US 213, 220 (1985).  A court has "'**no business weighing the merits of the grievance**'" since the "'agreement is to **submit all grievances to arbitration, not merely those which the court will deem meritorious**.'" Id., at 650 (quoting Steelworkers v. American Mfg. Co., 363 U. S. 564, 568 (1960)).  The scope of review is very limited." Doctor's Associations, Inc. v. Casarotto, 116 S.Ct. 1652, 1657 (1996);   The parties to such a contract may agree to have an arbitrator decide not only the merits of a particular dispute, but also the " 'gateway' questions of 'arbitrability.' " Id., at 68–69   Therefore, when the parties' contract delegates the arbitrability question to an arbitrator, the court may not override the contract, even if the court believes that the arbitrability claim is wholly groundless. See Henry Schein, Inc. v. Archer & White Sales, Inc.  878 F. 3d 488.

11

**AMENDED OBJECTION TO RECOMMENDATION**

The Verified Claim for Relief and Money Demand (contract) in article 5.2 page 35, article 5.3 page 35 and article 6.2, page 36 contained arbitration clauses within, which specifically states, quote: "**Any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be settled by arbitration**, and the arbitrator may hear and decide the controversy upon evidence produced although a party who was duly notified of the arbitration proceeding did not appear...". <u>The arbitrator issued summary judgment since facts were not in dispute</u>. In this case, Petitioner has produced evidence of the arbitration agreement and that the arbitrator was assigned authority to determine all arbitrability issues. The Court lacks legal authority to permit Respondents to 'relitigate' the contract issues; especially since Respondents refused to dispute the facts or law in support of Petitioner's claims.

The Federal Rules of Civil Procedure that apply to civil actions and pleadings in federal actions <u>do not apply to motions to confirm or vacate arbitration awards</u>. See, e.g., Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc., 23 F.3d 41, 46 (2d Cir. 1994). So, the Court cannot even consider the 12(b)(6) motion to dismiss.

The reason for requiring applications under the FAA to be filed and heard as motions rather than complaints is based on FAA's fundamental policy for expedited judicial review of arbitration awards to prevent the losing party from filing a new civil action in federal court to relitigate the matters arbitrated. Garber, 1996 WL 734947, at *4 (citing Booth v. Hume Pub. Inc., 902 F.2d 925, 932 (11th Cir. 1990)).

**AMENDED OBJECTION TO RECOMMENDATION**

## ARGUMENT

<u>The Court lacks legal authority to impair the obligation of the contract</u>.

The U.S. Constitution Art. I, Sec. 10, Cl. 1 states in pertinent part:

"No state shall... pass... any law impairing the Obligation of Contracts..."

In Trustees of Dartmouth Coll. v. Woodward, 17 U.S. 4 Wheat. 518 (1819) the Supreme Court held that New Hampshire law was unconstitutional because it impaired the obligation of the contract of the university under its charter. <u>A contract between the state and an individual is as much within the prohibition of the constitutional provision under consideration, as a contract between two private individuals</u>. 17 U.S. 624.

In Hall v. Wisconsin, 39 Wis. 79. 103 U.S. 5, 26 L.Ed. 302, the Supreme Court held that <u>public office is a contract within the meaning of the constitutional provision under consideration</u>. "It is well-settled that the states can pass no laws that impair or destroy vested rights. <u>A 'vested right' is a property which the law protects</u>." Hoeft v. Supreme Lodge, 113 Cal. 91, 45 Pacific 185. Also, vested rights are protected against state action by the due process clause of the Fourteenth Amendment, which provides that: "No person shall be... deprived of life, liberty, or property, without due process of law; <u>nor shall private property be taken for public use, without just compensation</u>.

There is no law preventing Petitioner from accepting the contract offer of public officials by their oath of office in exchange for his own oath as consideration subject to compensation upon their breach of obligation; also, there is no set compensation for deprivation of vested rights or private property taken for public or private use.

13

**AMENDED OBJECTION TO RECOMMENDATION**

## CONCLUSION

The Magistrate, in this case has proven his prejudice by allowing Respondents' Motion to Vacate when Respondents lack standing to object to the Motion to Confirm Final Arbitration Award. Even if Respondents had filed a Motion to Vacate within the 90-day statute of limitations provided by 9 U.S.C. 12, it would not give authority to the Court to decide the merits or value of Petitioner's claim for compensation for violations of his constitutional rights. Even if Respondents did file a motion to vacate within the 90-day statute of limitations set by 9 U.S.C. 12, they have not plead facts to establish that Petitioner had committed any fraud by misrepresentation of any material fact that might have resulted in any material effect in the decision of the arbitrator when issuing the arbitration award. Respondents lack standing to contest the award, and there are no legal grounds to deny Petitioner's Motion to Confirm the final Arbitration Award.

### WHEREFORE:

Petitioner hereby respectfully requests this Honorable Court deny Respondents Motion to Vacate, and deny the Magistrate's Recommendation as prejudicial and Grant the Motion to Confirm the Final Arbitration Award.

Respectfully submitted this __6th__ day of December, 2021.

By: _____
Eyoel-Dawit: Matios, Petitioner
1312 Castlerock Drive
Telephone: (970) 691- 7656
email: edmforshort0551@yahoo.com

14

**AMENDED OBJECTION TO RECOMMENDATION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __6th__, day of December, 2021, I, Petitioner, Eyoel-Dawit: Matios, have served a true, complete and correct copy of the foregoing, "Amended Objection to Recommendation" and sent the document(s) by placing in the U.S. Mail, first class pre-paid Mail to the following:

To Respondents' attorney:
Ashley Hernandez-Schlagel
NATHAN DUMM & MAYER P.C.
7900 E. Union Ave., Suite 600
Denver, Colorado 80237-2776
Phone number: (303) 691-3737
e-mail: Aschlagel@ndm-law.com

Without Prejudice, UCC 1-308

By: _____
Eyoel-Dawit: Matios, Petitioner

### Epilogue

The Declaration of Independence of 1776 cited King George's failure to redress the grievances listed in colonial petitions; noting the Olive Branch Petition of 1775, as justification to declare our independence. Historically, the right to petition government can be traced back to documents such as Magna Carta, that by its acceptance by the monarchy, implicitly affirmed the right; putting petitioning on the same formal footing as statutes. See 14 Edward III Statute 1 Chapter 5 (1340)

So too, Petitioner declared his individual property rights and interests; petitioning Respondents for relief and compensation for the regulatory taking of his property rights, and interests as required when private property is taken for public use and otherwise allowed for civil rights claims under Title 42 U.S. Code § 1981 et seq..

15

**AMENDED OBJECTION TO RECOMMENDATION**