IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-2194-WJM-NRN

EYOEL-DAWIT MATIOS, *et al.*, in *Sui juris* Capacity,

    Plaintiff and Petitioner,

v.

CITY OF LOVELAND, *et al.,* in care of Stephen C. Adams, City Manager,

    Defendant and Respondent.

---

**ORDER ADOPTING AS MODIFIED NOVEMBER 10, 2021 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the November 10, 2021 Report and Recommendation of United States Magistrate Judge N. Reid Neureiter (the "Recommendation") (ECF No. 37). Plaintiff Eyoel-Dawit Matios filed a timely objection ("Objection") (ECF No. 45), and Defendant, the City of Loveland ("City"), responded (ECF No. 46). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the following reasons, the Recommendation is adopted as modified.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation. (ECF No. 37 at 2–13.)

Briefly, on April 20, 2020, Plaintiff sent by certified mail to the City's Assistant Attorney and City Manager, a "Self-Executing Contract Agreement Fee Schedule Upon Contact of Public Servant" (the "Contract") that demanded arbitration with the City over

an alleged traffic stop of Plaintiff by a City police officer. (ECF No. 1-2 at 2.) The Contract declared itself to be a "self-executing agreement" (*id.* at 35), and it warned that the "arbitration process is binding on all parties and is the sole and exclusive remedy for redressing any issue associated with this agreement" (*id.* at 35 (emphasis in original)).

On April 22, 2020, the City's Risk Manager, Jason Smitherman, sent a letter to Plaintiff explaining that the City had completed its review of Plaintiff's claim and was denying the claim. (ECF No. 15-1.) Taking the entire record into consideration in this case, the Court finds there to be no evidence whatsoever that the City agreed to the terms of the Contract at any time. An "electronic arbitration hearing" was allegedly held on January 20, 2021, in accordance with the Contract. (ECF No. 1-2 at 59.) The City did not take part in the arbitration proceedings because it did not consider itself bound by a contract to which it had never agreed. (*Id.* at 127.)

On March 1, 2021, a supposed arbiter, Brett "Eeon" Jones, issued a final arbitration award ("Arbitration Award") in the amount of $300 million against the City and in favor of Plaintiff. (*Id.* at 102, *et seq.*) On August 12, 2021, Plaintiff filed a Petition to Confirm Final Arbitration Award (ECF No. 1), in which he requested that this Court confirm the $300 million award. (ECF No. 1.) On September 3, 2021, Defendant filed its Motion to Dismiss for Failure to State a Claim. (ECF No. 15.) Plaintiff filed a response (ECF No. 19) on September 13, 2021 and Defendant filed a reply (ECF No. 28) on September 27, 2021.

Plaintiff filed his Motion to Confirm Arbitration Award (ECF No. 25) on September 23, 2021, and he filed a Brief in Support of Motion to Confirm Arbitration Award (ECF No. 34) on October 1, 2021. On September 27, 2021, Plaintiff filed his Motion to Amend

2

Petition to Confirm Arbitration Award.  (ECF No. 30.)  On October 14, 2021, Defendant filed a Consolidated Response to ECF Nos. 23, 25, 30, and 34.  (ECF No. 35.)  The Petition and these motions were referred to the Magistrate Judge for a recommended ruling.

On November 10, 2021, Judge Neureiter issued the Recommendation, in which he addresses several issues.  (ECF No. 37.)  Judge Neureiter recommends that the Court: (1) deny Plaintiff's Petition to Confirm Final Arbitration Award (ECF No. 1); (2) deny Plaintiff's Motion to Confirm Arbitration Award (ECF No. 25); (3) deny Plaintiff's Motion to Amend Petition to Confirm Arbitration Award (ECF No. 30); (4) sustain Defendant's objection to Plaintiff's Petition to Confirm Arbitration Award (ECF No. 15); and (5) grant Defendant's motion to vacate the Arbitration Award (*id.*).  (ECF No. 37 at 20–21.)  Plaintiff timely filed his Objection (ECF No. 45), and Defendant responded (ECF No. 46).

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to

the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

### III. ANALYSIS

Judge Neureiter recommends denying Plaintiff's Petition to Confirm Award (ECF Nos. 1) and Plaintiff's Motion to Confirm Award (ECF No. 25) because Defendant never agreed to arbitration. (ECF No. 37 at 13–17.) He found that "[i]t is clear on the face of the materials submitted by [Plaintiff] that there was no valid agreement between him and [Defendant]. [Defendant] never agreed to arbitrate anything." (*Id.* at 13.)

Plaintiff does not specifically object to Judge Neureiter's finding that there was there was no valid agreement to arbitrate. (*See generally* ECF No. 45.) The Court adopts this portion of the Recommendation after reviewing it and finding no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas*, 474 U.S. at 150 (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").

**A.    The Court's Authority to Deny Plaintiff's Motion to Confirm the Award**

In his Objection, Plaintiff argues that the Court "is required to confirm the award" because Defendant did not seek to vacate the award within the 90-day limitation period under 9 U.S.C. § 12, which provides that an action to vacate an arbitration award must

4

"be served upon the adverse party or his attorney within three months after the award is filed or delivered." (ECF No. 45 at 11 (citing 9 U.S.C. § 12).)

For the purpose of resolving this issue, the Court assumes *arguendo* that Defendant waived its right to move to vacate the Arbitration Award. But Plaintiff's argument that the Court must confirm the Arbitration Award still has no merit because the Court is not required to confirm an arbitration award when there is no evidence that such an award was made on the basis of a valid arbitration agreement.

Arbitration is a matter of contract, and a party cannot be required to arbitrate an issue when it has not agreed to do so. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 547 (1964). The Tenth Circuit has explained:

> Everyone knows the Federal Arbitration Act [("FAA")] favors arbitration. But before the Act's heavy hand in favor of arbitration swings into play, the parties themselves must agree to have their disputes arbitrated. While Congress has chosen to preempt state laws that aim to channel disputes into litigation rather than arbitration, even under the FAA it remains a "fundamental principle" that "arbitration is a matter of contract," not something to be foisted on the parties at all costs. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).
>
> What happens when it's just not clear whether the parties opted for or against arbitration? The FAA tells district courts to "proceed summarily to the trial" of the relevant facts. 9 U.S.C. § 4. Once the facts are clear, courts must then apply state contract formation principles and decide whether or not the parties agreed to arbitrate. *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 475 (10th Cir. 2006). The object is always to decide quickly—summarily—the proper venue for the case, whether it be the courtroom or the conference room, so the parties can get on with the merits of their dispute.

*Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 977 (10th Cir. 2014).[1]

---

[1] The Supreme Court has recognized that parties can agree to arbitrate "gateway"

5

Consistent with these principles, a motion to confirm an arbitration award is not granted automatically merely because a motion to vacate was not timely filed. The Second Circuit has held that even when the motion goes unopposed entirely, a court must still consider the record to determine whether it is appropriate to confirm an arbitration award. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court's reasoning in *Gottdiener* is instructive:

> We conclude that default judgments in confirmation/vacatur proceedings are generally inappropriate. A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record, rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record . . . .
>
> . . . Rather, [a motion to confirm] and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions.

*Id.* Thus, the Court must examine the record to ensure that arbitration is not being unjustly "foisted on the parties." *Concepcion*, 563 U.S. at 339.

To obtain confirmation of an award, the statute requires the moving party to file (1) the agreement, (2) the award, and (3) each notice, affidavit, or other paper used to confirm, modify, or correct the award. 9 U.S.C. § 13. This allows the Court to determine whether a valid arbitration agreement and award exist upon which it can base

---

questions of arbitrability, such as "whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). "However, courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (quoting *AT&T Tech., Inc. v. CWA*, 475 U.S. 643, 649 (1986)). The Court finds that Plaintiff has not provided clear and unmistakable evidence that Defendant agreed to arbitrate questions of arbitrability.

its judgment. *See United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 12, 2012) ("Without the filings required by § 13, the Court is unable to conclude from the record that a valid arbitration agreement and award exist and therefore is unable to determine whether the Petitioner is entitled to judgment as a matter of law."); *see also Teverbaugh v. Lima One Cap., LLC*, 2020 WL 448259 at *2 (S.D. Miss. Jan. 28, 2020) ("Without an underlying valid arbitration agreement, the Court is unable to conclude that confirmation is proper.").

As discussed above, Judge Neureiter found that no contractual agreement of any kind was formed between Plaintiff and Defendant. (ECF No. 37 at 13–17.) The Court reviewed that finding for clear error and discovered none; therefore, the Court adopted that finding in its entirety. Since Plaintiff offers no evidence that Defendant agreed to arbitration, binding precedent and the interests of justice require the Court to deny Plaintiff's Petition to Confirm Arbitration Award and Plaintiff's Motion to Confirm Arbitration Award.[2]

## B.   Statute of Limitations

Next, Plaintiff objects to Judge Neureiter's recommendation that Defendant's motion to vacate the Arbitration Award be granted. (ECF No. 45 at 5–7.) Plaintiff argues that Defendant's motion to vacate the Arbitration Award must be denied because Defendant "did not timely file a motion to vacate within 90 days." (*Id.* at 5.)[3]

---

[2] Plaintiff refers to several cases, none of which support his position. The Court notes that Plaintiff fabricates quotations throughout his argument. For example, his quotation from *M.J. Woods, Inc. v. Conopco, Inc.*, 271 F. Supp. 2d 576 (S.D.N.Y. 2003) appears nowhere in the order. (ECF No. 45 at 11.)

[3] Plaintiff uses the term "standing" throughout his argument. (*Id.*) To the extent that Plaintiff relies on the doctrine of standing, the Court finds his argument completely without merit because well settled law requires the plaintiff to show standing, and not the defendant.

7

The Court acknowledges that, under § 12 of the FAA, an action to vacate an arbitration award must "be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. And the Circuit Courts are split on whether the three-month statute of limitations is absolute, or whether the principles of equitable tolling apply, in which case a motion to vacate could be brought after the limitations period has passed if the movant shows that he exercised due diligence in pursuing his claim and tolling would not prejudice the other side. *Compare Cigna Ins. Co. v. Huddleston*, 986 F.2d 1418 at *11 (5th Cir. 1993) (finding that the doctrine of equitable tolling does not apply), *with Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1156–57 (9th Cir. 2016) (finding doctrine of equitable tolling does apply). The Tenth Circuit has not spoken on this issue.

However, as discussed above, the Court finds that it can resolve the case at bar without ruling on or even considering Defendant's motion to vacate. Therefore, the Court need not determine whether it would be proper to rule on Defendant's motion to vacate in these circumstances. Therefore, the Plaintiff's motion to vacate the Arbitration Award (ECF No. 15) is denied as moot, and the Recommendation is modified to reflect this finding.

### C.     Authority to Impair Contract Rights

Finally, in his Objection, Plaintiff argues that, pursuant to the Contract Clause of the United States Constitution, this Court "lacks legal authority to impair the obligations of the [arbitration] contract." (ECF No. 45 at 13.) The Contract Clause states that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. Here, as explained above, there is no valid contract; therefore, there is no contract to impair. As a result, Plaintiff's argument regarding the Contract clause is

8

completely unavailing.

### D.     Plaintiff's Motion to Amend Petition to Confirm Arbitration Award

Plaintiff did not specifically object to Judge Neureiter's recommendation that Plaintiff's Motion to Amend Petition to Confirm Arbitration Award (ECF No. 30) be denied. The Court has reviewed Judge Neureiter's decision, and, finding no clear error, adopts that portion of the recommendation.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff Eyoel-Dawit Matios' Amended Objection to Recommendation (ECF No. 45) is OVERRULED;

2. The Recommendation (ECF No. 37) is ADOPTED AS MODIFIED;

3. Plaintiff Petition to Confirm Final Arbitration Award (ECF No. 1) is DENIED;

4. Plaintiff's Motion to Confirm Arbitration Award (ECF No. 25) is DENIED;

5. Plaintiff's Motion to Amend Petition to Confirm Arbitration Award (ECF No. 30) is DENIED;

6. Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 15) is GRANTED IN PART:

    a. Defendant's motion to vacate the Arbitration Award (ECF No. 15 at 11–13) is DENIED AS MOOT;

    b. Defendant's motion to dismiss Plaintiff's Petition to Confirm Final Arbitration Award for failure to state a claim (ECF No. 15 at 13–15) is GRANTED; and

    c. Defendant's objection to the Plaintiff's Petition to Confirm Final Arbitration Award is SUSTAINED;

7. The Court DIRECTS the Clerk to enter judgment in favor of Defendant, the City of Loveland, and against Plaintiff; and

8. Defendant shall have its costs, if any, upon compliance with D.C.COLO.LCivR 54.1.


Dated this 1st day of February, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge