IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-2194-WJM-NRN

EYOEL-DAWIT MATIOS, *et al.*,

    Plaintiff and Petitioner,

v.

CITY OF LOVELAND, *et al.*,

    Defendant and Respondent.

---

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
AND RESOLVING REMAINING COLLATERAL ISSUES

---

*Pro se* Plaintiff/Petitioner Eyoel-Dawit Matios seeks confirmation of a Final Arbitration Award of $300 million dollars against the City of Loveland ("Respondent"). (*See* ECF No. 1.)  The Court assumes the parties' familiarity with the background of this petition and the motions discussed herein.

Currently before the Court are Petitioner's Objection to Magistrate Judge N. Reid Neureiter's Order and Award of Attorney Fees (ECF No. 58), Petitioner's Motion to Withdraw Order of Reference (ECF No. 62), Petitioner's Motion for Sanctions (ECF No. 66), and Petitioner's Motion for Relief from Final Judgment.  (ECF No. 73.)  For the reasons set forth below, Petitioner's Objection is overruled, and his motions are denied.

## I. LEGAL STANDARDS

**A.**    **Rule 72(a)**

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or

contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," see 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

### B.   Rule 60(b)(3), (4)

Federal Rule of Civil Procedure 60(b) permits a Court to grant relief from a final judgment or order for specified reasons, including "fraud" or when "the judgment is void." Fed. R. Civ. P. 60(b)(3), (4). "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.' 'Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)) (internal citations omitted). Such motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which

were available at the time of the original motion." *Servants of Paraclete*, 204 F.3d at 1012. Thus, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Whether to grant a Rule 60(b) motion rests within the trial court's sound discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

Rule 60(b)(3) sets a high bar for relief, requiring "clear and convincing proof" of the fraud, misconduct, or misrepresentation, and that it interfered "substantially" with the prior proceeding. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (internal quotation marks omitted; emphasis removed).

## II. ANALYSIS

### A.   Motion for Relief from Judgment

Petitioner argues he is entitled to relief from this Court's August 9, 2022, Final Judgment (ECF No. 72) under Rules 60(b)(3) and 60(b)(4). (ECF No. 73 at 1.)

Petitioner's principal argument is that the Order and Judgment entered by the United States Court of Appeals for the Tenth Circuit (ECF No. 69) directing this Court to dismiss his petition without prejudice was fraudulent. (ECF No. 73 at 1–2.) It follows, he argues, that the fraudulent Order and Judgment is void. (*Id.*) Petitioner's basis for this claim is that the Order and Judgment is "unsigned" and, though it purports to be authored by United States Circuit Judge Carolyn McHugh, it was produced by an unknown deputy clerk of court who allegedly has been bribed by "those who would benefit from the dismissal of [his] appeal." (*Id.* at 7.) Petitioner asserts, without any supporting evidence whatsoever, that the Tenth Circuit's order denying his petition for rehearing must have been illegally issued by the same deputy clerk to hide from the

3

judicial panel that the unsigned Order and Judgment had been issued without authorization.  (*Id.* at 2.)  Petitioner also argues that the failure of the Tenth Circuit to issue an order to show cause prior to determining subject-matter jurisdiction in the Order and Judgment was a violation of his due process rights.  (*Id.* at 3.)

Petitioner's accusation that a deputy clerk issued a clandestine order on a public docket, based solely on the fact that the order was unsigned, is absurd.  Not only is this scenario far-fetched, that the Order and Judgment is unsigned does not show it is unauthorized or otherwise fraudulent.  As Respondent points out, "[t]here is no requirement that any order or opinion of [the Tenth Circuit] be signed, either by a judge or the Clerk."  (ECF No. 80 at 2 (citing *Practitioner's Guide to the United States Court of Appeals for the Tenth Circuit*, IX.A (12th ed. 2022)).)  This single, immaterial fact is far from "clear and convincing proof" of fraud.  *Zurich N. Am.*, 426 F.3d at 1290.  And because the alleged fraud is also the basis of Petitioner's assertion that the Order and Judgment is void, Petitioner has provided no reason for this Court to award him the relief he requests.

As for Petitioner's argument that he was denied due process because the Tenth Circuit did not issue an order to show cause prior to issuing its judgment and mandate, Petitioner is mistaken.  Even assuming Petitioner's unsubstantiated assertion that he was entitled to have the Tenth Circuit issue an order to show cause, "an entitlement is protected by the Due Process Clause only if it is an interest in life, liberty, or property; and not all entitlements are such interests."  *Elliott v. Martinez*, 675 F.3d 1241, 1244–45 (10th Cir. 2012).  "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause."  *Id.* at 1245 (quoting *Olim v.*

4

*Wakinekona*, 461 U.S. 238, 250 (1983)). On this record, it is manifestly clear that Petitioner has failed to even articulate a basis from which the Court can conclude that the protections and requirements of the Due Process Clause are here applicable.

Therefore, Petitioner's Motion for Relief from Judgment is denied.

**B.     Objection to Order of Magistrate Judge**

Petitioner timely filed his Objection to Judge Neureiter's April 5, 2022, Order awarding Respondent attorneys' fees. (ECF No. 58.) Petitioner argues the order awarding attorneys' fees was issued without jurisdiction and was improperly punitive. (*Id.* at 8–9.) Petitioner's objection also attempts to reargue the merits of his underlying petition. (*See id.* at 10–14.)

Judge Neureiter's order was not issued without jurisdiction. As Judge Neureiter explained, courts retain the inherent authority to issue orders on matters collateral to the merits, including sanctions, even after a matter has been dismissed. (ECF No. 57 at 5 (citing *Lundahl v. Halabi*, 600 F. App'x 596, 605 (10th Cir. 2014)); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. . . . Thus, even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees.").

The award of attorneys' fees was not punitive. Judge Neureiter explained that a sanction assessing attorneys' fees "must be compensatory rather than punitive in nature." (ECF No. 57 at 6 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017)).) Petitioner argues his conduct is not the but-for cause of Respondent's legal bills because it "would have filed a motion to dismiss regardless" (ECF No. 58 at 9); but this baseless claim ignores the fact that Respondent would have

5

no reason to file any motions at all if he had not sought to confirm his null arbitration award in the first instance.  (*See* ECF No. 57 at 6–7.)

After determining Respondent is entitled to attorneys' fees, Judge Neureiter analyzed the reasonableness of the fees requested.  (*Id.* at 7–9.)  Judge Neureiter "carefully reviewed the invoices for legal fees incurred by the City."  (*Id.* at 8.)  He determined that the rates charged were below "prevailing market rates" for civil litigation in Denver, and the tasks performed were "reasonably necessary to the defense of the case."  (*Id.*)  Therefore, he awarded attorneys' fees to Respondent in the amount it had spent defending itself from Petitioner's bad-faith conduct.  (*Id.* at 9.)  The Court finds no clear error in this reasoning, and therefore, Petitioner's objection is overruled and Judge Neureiter's order is affirmed.

**C.     Motion for Sanctions**

Petitioner's Motion for Sanctions is denied for lack of good cause shown.  The Court concludes on this record that Respondent's motion was not without some merit.

Respondent's request "that it be awarded its attorney fees in responding to this vexatious and frivolous motion" (ECF No. 67 at 11), which was made in its response to the Motion for Sanctions, is also denied, for failure to comply with the Court's applicable Practice Standard.  *See* WJM Practice Standards III.B ("All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion.") (emphasis in original).

**D.     Motion to Withdraw Reference**

The Petition has been dismissed without prejudice, this case has been terminated, and the Court has resolved the remaining collateral issues in this Order.  (ECF Nos. 71, 72.)   Accordingly, Petitioner's Motion to Withdraw Reference, seeking

6

"an Order withdrawing the Order of assignment of Magistrate [Judge] Neureiter," is denied as moot.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Petitioner's Motion for Relief from Judgment (ECF No. 73) is DENIED AS MOOT;

2. Petitioner's Objection to Magistrate Judge N. Reid Neureiter's Order and Award of Attorney Fees (ECF No. 58) is OVERRULED;

3. Magistrate Judge N. Reid Neureiter's Order on Defendant's Motion for Attorney's Fees (ECF No. 57) is AFFIRMED;

4. Petitioner's Motion for Sanctions (ECF No. 66) is DENIED; and

5. Petitioner's Motion to Withdraw Order of Reference (ECF No. 62) is DENIED AS MOOT.

Dated this 7th day of October, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge