IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 21-cv-02194-PAB-NRN

EYOEL-DAWIT MATIOS,

    Plaintiff,

v.

CITY OF LOVELAND,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on plaintiff's Motion for Relief from Order [Docket No. 95]. Plaintiff Eyoel-Dawit Matios seeks relief from an order that denied plaintiff's previous motion made under Fed. R. Civ. P. 60(b). Docket No. 95 at 1. Defendant City of Loveland (the "City") filed a response opposing Matios' motion. Docket No. 96. Matios filed a reply. Docket No. 97.

**I. BACKGROUND**

    On April 21, 2023, Judge William J. Martinez recused himself from this case because Matios filed a judicial misconduct complaint against Judge Martinez. Docket No. 98 at 1. On the same day, this case was reassigned to the undersigned. Docket No. 99. The Court assumes the parties' familiarity with the background facts and procedural history in this case, which have been set forth in the Tenth Circuit's order from June 23, 2023, *see* Docket No. 102 at 2-4, and will not be repeated here except to the extent necessary to resolve Matios' motion.

### A. Dismissal

Matios filed this case to enforce an arbitration award he unilaterally obtained against the City. *Id*. at 2. The City filed a motion to vacate the arbitration award and dismiss this case. Docket No. 15. On February 1, 2022, Judge Martinez granted the City's motion and dismissed this case. Docket No. 47.

On July 14, 2022, the Tenth Circuit vacated the dismissal of this case and remanded it with instructions to dismiss the case without prejudice based on a lack of federal subject matter jurisdiction. Docket No. 69 at 6. On August 9, 2022, the district court vacated its previous order, dismissing the case without prejudice. Docket No. 71. On August 15, 2022, Matios filed a motion under Fed. R. Civ. P. 60(b) (the "first 60(b) motion") seeking relief from the order dismissing this case without prejudice based on the Tenth Circuit's order. Docket No. 73.

### B. Attorney Fees

On November 23, 2021, the City moved for attorney fees. Docket No. 39. On April 5, 2022, Magistrate Judge N. Reid Neureiter granted the City's motion for attorney fees and awarded the City $11,764.50. Docket No. 57 at 9. On April 18, 2022, Matios filed an objection to the order awarding attorney fees. Docket No. 58. On October 7, 2022, Judge Martinez overruled Matios' objection and affirmed Judge Neureiter's award of attorney fees. Docket No. 82 at 7. On November 7, 2022, Matios appealed the Court's award of attorney fees. Docket No. 86. On June 23, 2023, the Tenth Circuit affirmed the award of attorney fees. Docket No. 102.

**C. October 7, 2022 Order**

On October 7, 2022, Judge Martinez entered an order (the "October 7 Order") that addressed Matios' objection to Judge Neureiter's award of attorney fees and Matios' first Rule 60(b) motion.  Docket No. 82.  Judge Martinez overruled Matios' objections to an award of attorney fees and confirmed Judge Neureiter's award of fees.  *Id.* at 7.  Judge Martinez denied Matios' request under Rule 60(b).  *Id*.  On December 5, 2022, Matios filed a second Rule 60 motion, pursuant to Fed. Rule. Civ. P. 60(b)(3), for relief from the October 7 Order.  Docket No. 95.  This motion is currently before the Court.

## II.  LEGAL STANDARD

Rule 60(b) states that a court may relieve a party from final judgment under certain limited circumstances.  Fed. R. Civ. P. 60(b).  Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  *Id*.  A Rule 60(b) motion must be made within a reasonable time, and motions made under Rule 60(b)(1)-(3) must be filed within one year of the entry of judgment.  Fed. R. Civ. P. 60(c).

Because such relief is "extraordinary and may only be granted in exceptional circumstances," *Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir.

2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). "[A] successive Rule 60(b) motion, . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete*, 204 F.3d at 1012.

## III. ANALYSIS

Matios argues that the October 7 Order is void due to fraud and that attorney fees were improperly awarded in this case. Docket No. 95 at 4-11. Matios argues Judge Neureiter lacked jurisdiction to award attorney fees and that attorney fees were improperly awarded. *Id.* Matios' argument on the propriety of attorney fees is not the proper subject of a successive Rule 60(b) motion. Attorney fees were awarded on April 5, 2022. *See* Docket No. 57. Matios' first Rule 60(b) motion was filed on August 15, 2022 and could have raised the arguments he raises now. *See* Docket No. 73. Additionally, Matios' arguments that Judge Neureiter lacked jurisdiction to enter an award of attorney fees, Docket No. 95 at 4, has been addressed by Judge Martinez in response to Matios' objection, Docket No. 82 at 5-6, and by the Tenth Circuit on appeal. Docket No. 102 at 5-6. Because this is a successive Rule 60(b) motion, Matios may only challenge the denial of his first Rule 60(b) motion and may not attack the merits of the City's motion for attorney fees again. *Servants of the Paraclete*, 204 F.3d at 1012. The Court declines to rehash arguments that are improperly raised and have been

repeatedly addressed and will deny Matios' motion for the same reasons as Judge Martinez and the Tenth Circuit.

The only argument Matios raises that could not have been addressed in his first 60(b) motion is the argument that the October 7 Order denying his first Rule 60(b) motion is fraudulent because it was drafted and filed by opposing counsel in a conspiracy with Judge Neureiter.  *See* Docket No. 95 at 2.  This argument, however, is not truly novel; Matios has previously alleged court orders are fraudulent, *see* Docket No. 102 at 7, and now claims the October 7 Order is the result of an additional forged order designed to cover up past forgeries.  Docket No. 95 at 3.  Matios argues that the October 7 Order constitutes a fraud upon the Court and requires relief under Fed. R. Civ. P. 60(b)(3).  *Id.* at 1.

To obtain relief under Rule 60(b)(3), a plaintiff must show "clear and convincing proof" of fraud, misrepresentation, or misconduct.  *Zurich N. Am.*, 426 F.3d at 1290 (citation omitted).  Matios provides no facts to support his claims and provides no "clear and convincing proof," *id.*, of fraud.  The Tenth Circuit has observed that Matios' past "unsupported, speculative accusations are insufficient to undermine those orders" he claims are fraudulent.  Docket No. 102 at 7.  Despite plaintiff's allegation of new fraudulent orders, *see* Docket No. 95 at 2-3, the Court finds that here, as in the past, Matios' unsupported allegations provide no reason to question the authenticity and integrity of any orders issued in this case.  The Court will not grant Matios relief under Rule 60(b)(3) for fraud.  Matios presents no reason to question the October 7 Order denying relief under Rule 60(b) and confirming the award of attorney fees.

## IV. CONCLUSION

For the foregoing reasons it is

**ORDERED** that plaintiff's Motion for Relief from Order [Docket No. 95] is **DENIED**.

DATED September 19, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge