IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 21-cv-02194-PAB-NRN

EYOEL-DAWIT MATIOS,

    Plaintiff,

v.

CITY OF LOVELAND,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion to Withdraw Order of Reference [Docket No. 101], Motion for Case Status [Docket No. 111], and Objection to Magistrate's Order [Docket No. 112]. Each of plaintiff's motions are based on his opposition to Magistrate Judge Neureiter's involvement in this case. The Court therefore finds these motions can be resolved simultaneously.

**I. BACKGROUND**

The background facts and procedural history of this case have been set forth in the Tenth Circuit's June 23, 2023 order, *see* Docket No. 102 at 2–4, and will not be repeated here except to the extent necessary to resolve Mr. Matios's motions.

On April 27, 2023, Mr. Matios filed a motion asking the Court to withdraw its previous order on August 18, 2021 assigning this case to Magistrate Judge Neureiter, Docket No. 5. Docket No. 101 at 1, 5 (the "April 27 motion"). On August 7, 2023, Mr. Matios filed a motion asking Judge Neureiter to recuse himself in this case on the

ground that Mr. Matios has named Judge Neureiter in a separate civil rights action, *Matios v. City of Loveland*, 23-cv-01844-WPJ (D. Colo.).  Docket No. 105 at 1.  On August 16, 2023, Judge Neureiter declined to recuse himself in this case.  Docket No. 107 at 5.  On August 28, 2023, Mr. Matios filed a timely objection to Judge Neureiter's order.  Docket No. 112 (the "August 28 objection").  That same day, Mr. Matios filed a Motion for Case Status in which Mr. Matios asked the Court to rule on two motions: the April 27 motion to withdraw the assignment of the case to Judge Neureiter, Docket No. 101, and a motion for relief from a previous order of the Court, Docket No. 95.  Docket No. 111 at 1 (the "August 28 motion").  The Court denied Mr. Matios's motion for relief, Docket No. 95, on September 19, 2023, thereby mooting part of Mr. Matios's August 28 motion.  Docket No. 116 at 6.

## II.  DISCUSSION

These motions constitute Mr. Matios's sixth attempt to remove Judge Neureiter from presiding over parts of the case.[1]  *See* Docket No. 18; Docket. No. 22; Docket No. 62; Docket No. 101; Docket No. 105; and Docket No. 111.  Mr. Matios raises the same two arguments that he has raised in previous motions.  First, he argues that a magistrate judge lacks subject matter jurisdiction over this case.  Docket No. 101 at 8–9; Docket No. 111 at 2, 6, 115; Docket No. 112 at 3, 6.  Second, Mr. Matios argues that

---

[1] In each of Mr. Matios's remaining motions – the April 27 motion, the August 28 motion, and the August 28 objection – Mr. Matios makes other allegations about the authenticity and legality of previous orders in this case that have been issued both by this Court and by the Tenth Circuit.  Docket No. 101 at 2–7, 10–14; Docket No. 111 at 1, 4–6; Docket No. 112 at 1, 4–6.  These allegations have been addressed by previous orders of the Court, which have found no legal defects in this case.  *See* Docket No. 82 at 7; Docket No. 116 at 5–6.  To the extent Mr. Matios attempts to relitigate these issues, the Court declines to address Mr. Matios's claims of fraud and illegality.

Judge Neureiter should be recused because he has shown prejudice against Mr. Matios by repeatedly ruling against him and because Mr. Matios has named Judge Neureiter as a defendant in a different civil rights action.  Docket No. 101 at 2, 7, 12; Docket No. 111 at 3, 6; Docket No. 112 at 1–3, 6.

The Court has already rejected the argument that a magistrate judge lacks authority to rule on Mr. Matios's motions in this case.  Docket No. 24.  Furthermore, the Tenth Circuit has already rejected all of Mr. Matios's arguments that Judge Neureiter lacked jurisdiction to participate in this matter.  See Docket No. 102 at 6.  As explained before, 28 U.S.C. §§ 636(a) & (b), Fed. R. Civ. P. 72(a) & (b), and D.C.COLO.LCivR 72.1 authorize Judge Neureiter to hear this matter.  Furthermore, Mr. Matios may object to adverse rulings by Judge Neureiter, which objections will be decided by an Article III judge under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).  The Court therefore finds no grounds to remove Judge Neureiter from this case on jurisdictional grounds.

Mr. Matios also argues that Judge Neureiter should be removed from this case because he has shown bias towards Mr. Matios by "prejudicial" rulings against him.  Docket No. 101 at 2.  Under 28 U.S.C. § 455(a), a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of this provision is to avoid even the appearance of partiality.  See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988).  However, recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice."  Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir. 1986).  Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994); see also Lammle v. Ball

3

*Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings . . . are insufficient grounds for recusal."). Judge Neureiter's rulings against Mr. Matios do not evidence bias, and the Court finds no reason to recuse Judge Neureiter from this case on these grounds.

Mr. Matios's final contention is that Judge Neureiter should be recused from this case because he has been named as a defendant in another civil rights case brought by Mr. Matios. Mr. Matios has repeatedly sought to recuse or disqualify Judge Neureiter. *See*, e.g., Docket No. 18, Motion to Disqualify Judge. Furthermore, Judge Martinez recused himself from this matter after Mr. Matios filed a judicial misconduct complaint against him in the Tenth Circuit. Docket No. 98 at 1.

The federal recusal statute cannot be used presumptively "so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The Tenth Circuit has held that appellate court judges need not automatically recuse themselves from a case when a party has named the entire circuit as a party in separate litigation. *See Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000); *Smith v. U.S. Ct. of Appeals, for the Tenth Cir.*, 484 F.3d 1281, 1283 n.1 (10th Cir. 2007). Other courts in this district have extended the Tenth Circuit's reasoning to find that a party's "potentially frivolous" attempt to name the judge as a party "apparently for the sole purpose of forcing recusal" "does not amount to a circumstance in which a reasonable person, with full knowledge of the circumstances, would have cause to question the undersigned's impartiality with respect to the allegations in this case." *Smith v. Bender*, No. 07-cv-01924-MSK-KMT, 2008 WL 2751346, at *5 (D. Colo. July 11, 2008) (emphasis omitted). This holding is consistent

4

with prevailing ethical guidance that a judge "need not recuse from a case involving a party that filed suit against the judge, where judicial immunity will be a complete defense to the action against the judge." Committee on Codes of Conduct, Compendium of Selected Ethics Opinions § 3.6-7; *see also Palma v. United States,* 2008 WL 4861707, at *1 (D.N.M. July 31, 2008) (this guidance is supported by a policy which "prevents any party, who does not like a ruling issued by a judge, from suing the judge and being able to have their case reheard by a different judge.")

That Judge Neureiter has been named as a defendant in a subsequent suit does not automatically necessitate that he be recused from this case. Given that Mr. Matios has failed to present any substantiated evidence of bias by Judge Neureiter, the Court does not find Mr. Matios's naming him in another suit sufficient grounds to recuse him from this case.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Withdraw Order of Reference [Docket No. 101] is **DENIED**.  It is further

**ORDERED** that plaintiff's Motion for Case Status [Docket No. 111] is **DENIED** as moot.  It is further

**ORDERED** that plaintiff's Objection to Magistrate's Order [Docket No. 112] is **OVERRULED.**

DATED November 7, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge